# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0502, <u>D.D. v. D.C.</u>, the court on April 27, 2023, issued the following order:**

On March 23, 2023, we remanded for the limited purpose of having the trial court clarify the basis for its determination that the defendant is disqualified from having his firearm returned, and to enter specific factual findings as to the particular statutory ground(s) upon which the court found him to be so disqualified. If necessary, we authorized the trial court to obtain a complete copy of the New Hampshire State Police "Gun Line" report, to allow the defendant an opportunity to respond, and to take such steps as it deemed necessary to protect any confidential information. We otherwise retained jurisdiction over the appeal.

On April 10, 2023, the Trial Court (<u>Alfano</u>, J.) issued its order on remand, stating, in part, that the New Hampshire State Police "Gun Line" had failed to provide, as ordered, a complete copy of its report, and that neither the plaintiff nor the State had appeared at the hearing that the court scheduled to address the issues for which we remanded the case. Given that the defendant filed an affidavit affirming that he was not subject to any disqualifiers from owning a firearm, and given that the incomplete "Gun Line" report referenced only purported, but unspecified, federal disqualifier(s) that have been deemed non-disqualifying under <u>DuPont v. Nashua Police Dep't</u>, 167 N.H. 429, 434-43 (2015), the trial court found that the defendant's motion for the return of his firearm should be granted.

We agree. Accordingly, we vacate the trial court's order of July 18, 2022 — denying the defendant's motion for the return of his firearm — and remand for the trial court to enter judgment in accordance with its order of April 10, 2023.

<u>Vacated and remanded</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**